EGAN, C. J.
*302 Claimant seeks judicial review of an order of the Department of Human Services (DHS) determining that DHS is entitled to recover an overpayment of funds paid to claimant for child care services that she provided to parents enrolled in DHS's Employment Related Day Care program (ERDC). Claimant challenges DHS's determination that she was ineligible to receive payments for child care and therefore incurred an overpayment. We agree with claimant and therefore reverse.
The facts are largely undisputed. In October 2012, claimant applied to be listed as a child care provider with ERDC, a program that assists low-income working families to pay the cost of child care. OAR 461-1012-0010(7). Only providers who are listed with the program as "eligible" may serve ERDC clients, and DHS pays those providers directly. Former OAR 461-165-0160 (July 1, 2011).[1] DHS determined, after conducting criminal background checks of the adults in claimant's home, that claimant was approved to receive ERDC payments and included her on a list of eligible child care providers.
DHS's administrative rules required ERDC-approved providers to meet the requirements set forth in former OAR 461-165-0180 (Oct. 1, 2012). At the relevant time, DHS's rules required that a day care provider notify DHS within 10 days of any arrest of a family member in the provider's household who was age 16 or older. OAR 461-165-0180 (7)(h)(A). Claimant was made aware of that requirement. On her application, claimant signed a statement agreeing with requirements of DHS's Child Care Provider Guide, which describes the provider's obligation to report arrests within 10 days.[2] Claimant also attended an orientation, which included a review of the requirement that arrests or convictions of provider household members be reported within 10 days.
*303 In January 2013, claimant's husband was arrested for driving under the influence of intoxicants (DUII), and he was subsequently convicted. Unbeknownst to claimant, by that time, DHS had completed its background check of claimant's household members and had determined that claimant was "approved." Because claimant thought that DHS would learn of her husband's arrest through the criminal background check, she did not notify DHS of the arrest as required by DHS's rules.
Beginning in March 2013, claimant provided child care services to three ERDC clients over a period of almost two years, for which she received payments from DHS totaling $21,476.07. When claimant applied to renew her ERDC listing in November 2014, she reported her husband's January 2013 DUII
*451 arrest and conviction. DHS denied claimant's request to be listed because of the DUII conviction. Claimant did not challenge that determination.
Then, in May 2015, DHS notified claimant that, as a result of her failure to report her husband's January 2013 DUII arrest or conviction within 10 days, claimant had been overpaid for the period of March 2013 through December 2014. DHS sought repayment of $21,476.07. After a hearing, an administrative law judge (ALJ) for the Office of Administrative Hearings upheld DHS's determination of an overpayment, concluding that, as a result of claimant's failure to report her husband's January 2013 DUII within 10 days, she had become ineligible for payments after that date.
On judicial review, claimant contends that the ALJ erred. Claimant asserts that, after she had been approved for payment by ERDC, ineligibility could occur only after a determination of DHS through a contested case hearing. DHS responds that claimant's failure to comply with the requirement of OAR 461-165-0180 to report arrests resulted in automatic ineligibility.
DHS administers the ERDC program under the requirements of its administrative rules. OAR 461-165-0160(1) provides:
"[DHS] makes payments on behalf of eligible clients to the providers they select for their children. The payments *304 are made directly to the provider[.] To be eligible for payment, a provider must:
"(a) Charge [DHS] clients at a rate no higher than the rate charged other customers;
"(b) Provide [DHS] his or her social security number (SSN) or IRS identification number; and
"(c) Meet the requirements of OAR 461-165-0180 ."
(Emphasis added.) Most of the requirements for ERDC providers are stated in OAR 461-165-0180, a lengthy rule set out in the appendix to this opinion. With exceptions not applicable here, OAR 461-165-0180(1) provides that DHS "must approve a child care provider to receive payment for child care if information available to [DHS] provides no basis for denying eligibility." It is undisputed that claimant applied in October 2012 to be listed as a provider, and that she was approved to receive payments from ERDC by March 2013.
DHS contends that, because OAR 461-165-0160 provides that a provider is entitled to receive payments only when the provider meets all of the requirements of OAR 461-165-0180, claimant automatically became ineligible for payment after she failed to report her husband's arrest as required by OAR 461-165-0180(7)(h)(A). DHS notes that under former OAR 461-195-0501(1)(c)(A) (Oct. 1, 2012), an overpayment is defined as a payment made to "an ineligible provider." In DHS's view, subsequent to claimant's failure to report her husband's arrest, she became ineligible, and any payments made after that time were overpayments.
The interpretation of the DHS's administrative rules presents a question of law that we review for legal error. State v. McFerrin , 289 Or. App. 96, 99, 408 P.3d 263 (2017), rev. allowed , 362 Or. 794, 416 P.3d 1096 (2018). In interpreting the administrative rules, we apply the same analytical framework that applies to the construction of statutes. State v. Hogevoll , 348 Or. 104, 109, 228 P.3d 569 (2010). When, as here, an agency's interpretation of its own rule is challenged, we give significant deference to that interpretation and are required to affirm it if it is "plausible," that is, if it is not inconsistent with the wording of the rule itself or with the rule's context, or with any other source of law.
*305 Don't Waste Oregon Com. v.Energy Facility Siting , 320 Or. 132, 142, 881 P.2d 119 (1994). We have reviewed the applicable administrative rules, and conclude that DHS's interpretation of them is not plausible because it is inconsistent with their texts as understood in context.
As DHS points out, under OAR 461-195-0501(1)(c)(A), an overpayment is defined, in part, as a payment made to "an ineligible provider."[3] As relevant here, *452 OAR 461-165-0180(2) states that ineligibility for payment "may result from any of the following:
"(a) A finding of 'denied.' A provider may be denied *** if, after conducting a weighing test *** [DHS] finds substantial risk to the health or safety of a child[.]
"(b) A finding of 'failed.' A provider may be failed if [DHS] determines, based on a specific eligibility requirement and evidence, that a provider does not meet the eligibility requirements of this rule."[4]
With respect to the disputed payments, DHS did not conduct an administrative process to make a finding of "denied" or "failed." It is undisputed that claimant provided child care to ERDC clients for the periods for which she was paid.[5] Thus, claimant did not become "ineligible" under the terms of OAR 461-165-0180(2).
DHS nonetheless contends that claimant's ineligibility (and, hence, an overpayment) occurred when claimant failed to report her husband's arrest within the required 10 *306 days. DHS correctly points out that, despite the lack of a finding of "denied" or "failed," OAR 461-165-0160(1) states that a provider must meet the requirements of OAR 461-165-0180"to be eligible for payment." Logically, DHS contends, the failure to meet any one of the requirements of OAR 461-165-0180 means that a provider is not eligible for payment, and an overpayment occurs when a provider receives a payment after failing to meet all of the requirements of the rule. DHS further contends that an interpretation that an overpayment can occur only after a finding of ineligibility would be inconsistent with the requirement of OAR 461-195-0541(3)(b) that "a provider is liable for an overpayment caused by the provider."
The dispute thus turns on when an approved provider becomes ineligible. Although OAR 461-165-0160(1) states that a provider must meet the requirements of OAR 461-165-0180"to be eligible," neither OAR 461-165-0160 nor OAR 461-165-0180 states that a failure to meet every requirement of the rule results in automatic ineligibility. Rather, OAR 461-165-0180(1) provides that DHS "must approve a child care provider to receive payment for child care if information available to the Department provides no basis for denying eligibility[.]" OAR 461-165-0180(2) defines ineligibility as resulting from a finding of either "denied" or "failed," and neither finding has been made here. In light of OAR 461-165-0180(2), we conclude that, if DHS had intended that a failure to comply with any one of the many requirements stated in OAR 461-165-0180 would automatically cancel the eligibility of an approved provider, it would have stated so explicitly in OAR 461-165-0180(2).
MacCullen v. AFSD , 80 Or. App. 84, 720 P.2d 1318, rev. den. , 302 Or. 159, 727 P.2d 129 (1986), on which DHS relies, is distinguishable and does not support the plausibility of DHS's interpretation. In MacCullen , the agency sought to recover public assistance benefits paid to a client as a result of the client's failure to cooperate by disclosing a change in circumstances directly affecting eligibility for benefits. The client contended that the agency should not be able to recover the benefits that had been paid before the determination that the client had failed to cooperate. We rejected the contention, concluding that retroactive recovery of benefits was *307 authorized by former ORS 411.105(1) (1995), renumbered as ORS 411.081(2011), which explicitly requires the agency to recover benefits that had been "improperly disbursed by reason of failure to comply" with eligibility requirements.[6] MacCullen , 80 Or. App. at 88, 720 P.2d 1318. *453 The circumstances are different here. Although DHS has general authority to recover payments wrongfully disbursed to public assistance recipients , ORS 411.635 ; ORS 411.081 ; the payments here were made not to a public assistance recipient, but to a child care provider for services that were actually provided. DHS is authorized to recover overpayments made to a child care provider in several circumstances: when a payment exceeds the amount for which the provider was eligible; when the client was not eligible or was not engaged in an activity that made the client eligible for child care; or when the provider was an "ineligible provider." OAR 481-195-0501. Unlike ORS 411.081, which applies to payments of public assistance directly to a public assistance recipient, there is no provision requiring the recovery of payments made to a service provider for services actually provided for failure to comply with eligibility requirements.
As noted, we give deference to an agency's plausible interpretation of its own rule, so long as the interpretation is consistent with the wording of the rule itself, the rule's context, and other sources of law. Don't Waste Oregon Com. , 320 Or. at 142, 881 P.2d 119. In this case, DHS's position that the failure to meet any one of the requirements of OAR 461-165-0180 results in automatic ineligibility is not plausible because, in light of OAR 461-165-0180(2), which describes circumstances resulting in ineligibility, had DHS intended that a failure to comply with any one of the many requirements stated in OAR 461-165-0180 would also automatically result in ineligibility, it would have stated so explicitly. We conclude, therefore, that when, as here, a child care provider has become eligible, the provider can become "ineligible" for payments only after a determination of ineligibility under *308 OAR 461-165-0180. Claimant had not been determined ineligible at the time she received the disputed payments. We therefore reverse DHS's determination that claimant received an overpayment.
Reversed.
*309 APPENDIX
OAR 461-165-0180 provides:
"(1) The Department must approve a child care provider to receive payment for child care if information available to the Department provides no basis for denying eligibility[.]
"* * * * *
"(2) Ineligibility for payment may result from any of the following:
"(a) A finding of 'denied'. A provider may be denied under OAR 461-165-0410 and 461-165-0420. If, after conducting a weighing test as described in OAR 407-007-0210, the Department finds substantial risk to the health or safety of a child in the care of the provider, the provider must be denied and is ineligible for payment. A provider who has been denied has the right to a hearing under OAR 407-007-0330.
"(b) A finding of 'failed'. A provider may be failed if the Department determines, based on a specific eligibility requirement and evidence, that a provider does not meet the eligibility requirements of this rule. A provider with a status of "failed" may reapply at any time by providing the required documents and information to the Department for review.
"(c) The Department has referred an overpayment against the provider for collection and the claim is unsatisfied.
"(3) The provider must submit a completed Child Care Provider Listing Form (DHS 7494) to the Department within 30 calendar days from the date the Department issues the listing form to the client. The provider and each individual identified under section (4) of this rule is considered a subject individual and must complete and sign the authorization for a records check through the Criminal History (CH) record system maintained by the Oregon State Police and the Child Protective Service (CPS) record system maintained by the Department and, if necessary, an authorization to release information and fingerprint cards. The provider must fully disclose *454 all requested information as part of the records check.
"* * * * *
*310 "(5) To receive payment or authorization for payment, the provider must meet the requirements of either subsection (a) or (b) of this section:
"(a) Currently be certified or registered with the Child Care Division (CCD) of the Employment Department under OAR 414-205-0000 to 414-205-0170, 414-300-0000 to 414-300-0440, or 414-350-0000 to 414-350-0250 unless legally exempt, and be in compliance with the applicable rules.
"(b) If legally exempt from being certified or registered with the CCD, complete the Department's background check process and be approved by the Department.
"(6) Each subject individual must:
"(a) Allow the Department to conduct a national criminal history records check through the Oregon State Police and the Federal Bureau of Investigation as specified in OAR 407-007-0250. The Department must withhold authorization for payment to a provider until the background check process is complete and the Department approves the provider.
"(b) Provide, in a manner specified by the Department, information required to conduct CH and CPS records checks or determine whether the provider meets health and safety requirements.
("c) Have a history of behavior that indicates no substantial risk to the health or safety of a child in the care of the provider.
"(7) Each provider must:
"(a) Obtain written approval from their certifier or certifier's supervisor if the provider is also certified as a foster parent.
"(b) Be 18 years of age or older and in such physical and mental health as will not affect adversely the ability to meet the needs of safety, health, and well-being of a child in care.
"(c) Not be in the same filing group as the child cared for and cannot be the parent (see OAR 461-001-0000 ) of the child.
"(d) Allow the Department to inspect the site of care while child care is provided.
*311 "(e) Keep daily attendance records showing the arrival and departure times for each child in care and billing records for each child receiving child care benefits from the Department. The provider must keep written records of any attendance that is not able to be recorded in the Child Care Billing and Attendance Tracking (CCBAT) system. These written records must be retained for a minimum of 12 months and provided to the Department upon request.
"(f) Be the individual or facility listed as providing the child care. The provider must notify the Department before using someone else to supervise a child.
"(g) Not bill a Department client for an amount collected by the Department to recover an overpayment or an amount paid by the Department to a creditor of the provider because of a lien, garnishment, or other legal process.
"(h) Report to the Department within 10 days of occurrence:
"(A) Any arrest or involvement with CPS or any other agency providing child protective services of the child care provider, household member, or facility member.
"(B) Any change to his or her name or address including where care is provided, and the addition of any individual or employee to the household or facility.
"(i) Report suspected child abuse of any child in his or her care to CPS or a law enforcement agency.
"(j) Supervise each child in care at all times.
"(k) Prevent any individual who behaves in a manner that may harm children from having access to a child in the care of the provider.
"(l) Allow the custodial parent of a child in his or her care to have immediate access to the child at all times.
"(m) Inform a parent of the need to obtain immunizations for a child.
"(n) Take reasonable steps to protect a child in his or her care from the spread of infectious diseases.
*455 "(o) Ensure that the facility where care is provided meets all of the following standards, unless the care is provided in the home of the child, except that a provider who *312 provides care in the home of the child must meet only the requirements of paragraph (A) of this subsection:
"(A) Each floor level used by a child has two usable exits to the outdoors (a sliding door or window that can be used to evacuate a child is considered a usable exit). If a second floor is used for child care, the provider must have a written plan for evacuating occupants in the event of an emergency.
"(B) The facility has safe drinking water.
"(C) The facility has a working smoke detector on each floor level and in any area where a child naps.
"(D) Each fireplace, space heater, electrical outlet, wood stove, stairway, pool, pond, and any other hazard has a barrier to protect a child.
"(E) Any firearm, ammunition, and other dangerous item such as any medicine, drug, cleaning supply, paint, plastic bag, and poisonous and toxic material is kept in a secure place out of a child's reach.
"(F) The building, grounds, any toy, equipment, and furniture are maintained in a clean, sanitary, and hazard free condition.
"(G) The facility has a telephone in operating condition.
"(p) Complete and submit a new listing form every two years, or sooner at the request of the Department, so that the Department may review the provider's eligibility. This requirement does not apply to a provider registered or licensed by CCD.
"(q) Provide evidence of compliance with the Department's administrative rules, upon request of Department staff.
"(r) Complete registration for the CCBAT system within 45 days of the date of the registration notice.
"(8) A child care provider not subject to certification or registration with the Oregon Employment Department, Child Care Division (CCD) under OAR 414-205-0000 to 414-205-0170, 414-300-0000 to 414-300-0440, or 414-350-0000 to 414-350-0250, must complete an orientation provided by the Department or a Child Care Resource and *313 Referral agency within 90 days of being approved by the Department if he or she:
"(a) Receives funds from the Department; and
"(b) Begins providing child care services after June 30, 2010, or resumes providing child care services, after a break of more than one year that began after June 30, 2010."

All citations to administrative rules in the remainder of this opinion are to those in effect in 2012, the relevant time.

The application also required claimant to affirm, under penalty of perjury, that she had "reported criminal history ***information completely, and will repay all payments if I do not disclose this information."

OAR 461-195-0501(1)(c) states that an "overpayment" is
"A payment for child care made by the Department to, or on behalf of, a client that:
"(A) Is paid to an ineligible provider;
"(B) Exceeds the amount for which a provider is eligible;
"(C) Is paid when the client was not engaged in an activity that made the client eligible for child care ***;
"(D) Is paid when the client was not eligible for child care benefits[.]"

We note that the current version of OAR 461-165-0180 includes an additional category of a finding of "suspended," if DHS determines that the provider "does not meet an eligibility requirement in the following subsections and paragraphs of section (7) of this rule," including subparagraph (h), now requiring the reporting of arrests within five days.

Claimant's reevaluation for listing in 2015 was "denied" in January 2015.

ORS 411.081(1) now provides that a person receiving public assistance is required to "declare to the department any circumstance that directly affects the applicant's eligibility to receive assistance," and that DHS "shall recover from the recipient the amount of assistance improperly disbursed by reason of failure to comply with the provision of this section."